JOHN D. FREED (CA State Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:    jakefreed@dwt.com

STEVEN E. KLEIN (OR State Bar No. 051165)
(*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299
Email:    stevenklein@dwt.com

Attorneys for Plaintiff
BOILING CRAB FRANCHISE CO., LLC

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BOILING CRAB FRANCHISE CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>JIE M GUAN INC. D/B/A BOILING SEAFOOD RESTAURANT; and BOILING SEAFOOD CORPORATION D/B/A BOILING SEAFOOD RESTAURANT,<br><br>Defendants. | Case No.: 2:19-cv-01787-JAM-CKD<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

DAVIS WRIGHT TREMAINE LLP

Plaintiff, Boiling Crab Franchise Co., LLC ("The Boiling Crab" or "Plaintiff"), for its complaint against Defendants Jie M Guan Inc. d/b/a Boiling Seafood Restaurant and Boiling Seafood Corporation d/b/a Boiling Seafood Restaurant ("Defendants"), alleges as follows:

## PARTIES

1. Boiling Crab Franchise Co., LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located in Garden Grove, California. The Boiling Crab operates a chain of restaurants under the trademark THE BOILING CRAB®, which The Boiling Crab has used since at least as early as 2003, and offers restaurant services and related products and services under the trademark THE BOILING CRAB®.

2. On information and belief, Defendant Jie M Guan Inc. d/b/a Boiling Seafood Restaurant ("JMG") is a corporation organized under the laws of the State of California, with its principal place of business an address of 10336 Christo Way, Elk Grove, California 95757. On information and belief, Defendant JMG was formed by Jie M. Guan, an individual and resident of California who is a shareholder, director, CEO, President, Secretary, and CFO of Defendant JMG.

3. On information and belief, Defendant Boiling Seafood Corporation d/b/a Boiling Seafood Restaurant is either a corporation or unincorporated association organized under the laws of the State of California, with an address of 1665 N. Beale Rd., Marysville, California 95901. On information and belief, Defendant Boiling Seafood Corporation was formed by Thanh Chi Lam, an individual and resident of California who is a shareholder, director, and CEO of Defendant Boiling Seafood Corporation.

## JURISDICTION

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction over trademark actions), 28 U.S.C. § 1338(b) (unfair competition claim joined with a substantial and related claim under the trademark laws), and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* The Court also has supplemental jurisdiction over the claims arising out of

DAVIS WRIGHT TREMAINE LLP

state law pursuant to 28 U.S.C. §§ 1338(b) and 1367, because the state law claims arise out of the same operative facts as the federal claims. This Court has personal jurisdiction over Defendants because Defendants reside and/or do business in this district and jurisdiction. Personal jurisdiction is also proper over Defendants because Defendants sell and offer for sale goods and services, and otherwise conducts business, including the registration and use of the <boilingseafood530.com> domain name, in California, including in this judicial district.

## VENUE

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because, among other reasons, Defendants reside and/or transact business within this district and offer for sale in this district goods and services in a manner that infringes The Boiling Crab's trademark rights. In addition, The Boiling Crab has suffered harm in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTS COMMON TO ALL CLAIMS

### THE BOILING CRAB'S *THE BOILING CRAB*® CHAIN OF RESTAURANTS

6. In 2004, The Boiling Crab, through its predecessor in interest, opened its first restaurant under the trademark THE BOILING CRAB®, in California.

7. Based on the huge popularity and success of The Boiling Crab's THE BOILING CRAB® restaurants, The Boiling Crab has since expanded its chain of THE BOILING CRAB® restaurants to include locations throughout the United States, including 15 THE BOILING CRAB® restaurants in California and THE BOILING CRAB® restaurants in Houston, Texas; Las Vegas, Nevada; Honolulu, Hawaii; and South Miami, Florida. The Boiling Crab is also actively exploring further expansion of its chain of THE BOILING CRAB® restaurants to additional locations throughout the United States and internationally. Photos showing representative examples of the exterior signage used with The Boiling Crab's THE BOILING CRAB® restaurants are attached hereto as Exhibit A.

8. The Boiling Crab's THE BOILING CRAB® restaurants offer a unique selection of Louisiana-style seafood, including blue crab, oysters, Dungeness crab, shrimp, and crawfish seasoned with THE BOILING CRAB® restaurants' distinctive blends of spices and seasonings.

3

1 Customers of THE BOILING CRAB® restaurants are also treated to a singularly enjoyable dining experience that is characterized by the innovative food presentations, distinctive restaurant decor, unique menus, and one-of-a-kind dining experience pioneered and provided by The Boiling Crab's THE BOILING CRAB® restaurants. Photos showing representative examples of the interiors of The Boiling Crab's THE BOILING CRAB® restaurants are attached hereto as Exhibit B.

9. Further contributing to The Boiling Crab's distinctive appearance and appeal, The Boiling Crab's unique menus use a distinctive format, contain unique content, and are distinctively printed. A true and correct copy of an example of THE BOILING CRAB® restaurants' unique menu used around the time that Defendants began using their infringing trademark without authorization is attached hereto as Exhibit C.

10. THE BOILING CRAB® chain of restaurants has become extremely well known and respected among consumers, who have come to associate The Boiling Crab's THE BOILING CRAB® trademark with The Boiling Crab's THE BOILING CRAB® restaurants and the one-of-a-kind dining experience that The Boiling Crab pioneered and provides. The Boiling Crab's THE BOILING CRAB® restaurants have also received unsolicited attention from, and positive recognition by, the media, which has further contributed to consumers' widespread recognition of The Boiling Crab's THE BOILING CRAB® restaurants.

11. Additionally, The Boiling Crab has expended considerable time, effort, and money promoting and advertising its chain of THE BOILING CRAB® restaurants, further contributing to the recognition and success of THE BOILING CRAB® chain of restaurants. Today, The Boiling Crab continues to promote and advertise its THE BOILING CRAB® restaurants.

12. The Boiling Crab has also used the trademark THE BOILING CRAB® extensively on the internet and, as a result, The Boiling Crab's THE BOILING CRAB® trademark has developed a strong internet presence and recognition by consumers who use the internet. The Boiling Crab is the registrant of various domain names incorporating, in whole or in part, THE BOILING CRAB® trademark, including <theboilingcrab.com> and

<boilingcrab.com>. The Boiling Crab owns and operates a website at these domain names in order to promote and provide consumers with information concerning The Boiling Crab's chain of THE BOILING CRAB® restaurants. The Boiling Crab's website makes extensive use of THE BOILING CRAB® trademark and embodies part of the unique look-and-feel of THE BOILING CRAB® dining experience. A true and correct copy of the home page of The Boiling Crab's website at www.theboilingcrab.com is attached hereto as <u>Exhibit D</u>.

13. In addition to owning and operating a THE BOILING CRAB® website at www.theboilingcrab.com, The Boiling Crab also uses its trademark THE BOILING CRAB® extensively on the internet through the popular social networking sites Facebook (www.facebook.com/theboilingcrab), Twitter (twitter.com/theboilingcrab), YouTube (www.youtube.com/user/OfficialBoilingCrab) and Instagram (www.instagram.com/boilingcrab), among others. In particular, The Boiling Crab maintains these active social media accounts in order to further promote its THE BOILING CRAB® trademark and to provide information about and promote its chain of THE BOILING CRAB® restaurants.

14. Through The Boiling Crab's extensive use, marketing, branding, and promotion of its THE BOILING CRAB® trademark and THE BOILING CRAB® chain of restaurants, its trademark THE BOILING CRAB® is recognized by consumers throughout the United States and around the world, enjoying substantial recognition, goodwill, and association with THE BOILING CRAB® restaurant chain. The public distinguishes The Boiling Crab's goods and services from those of others who offer the same or similar goods and services on the basis of its trademark THE BOILING CRAB®.

**THE BOILING CRAB'S FEDERAL REGISTRATION OF ITS**
***THE BOILING CRAB*® TRADEMARKS**

15. The Boiling Crab is the owner of the following United States Trademark Registrations for its THE BOILING CRAB® trademark:

| Mark | Registration No. | Goods & Services |
|---|---|---|
| THE BOILING CRAB | 3256219 | Restaurant Services |

5
PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 2:19-cv-01787-JAM-CKD
4841-0594-0905v.3 0095014-000089

| Mark | Registration No. | Services |
|---|---|---|
| The Boiling Crab (logo) | 4174077 | Restaurant Services |
| THE BOILING CRAB | 4491054 | Restaurant Services |
| The Boiling Crab (logo) | 5374534 | Restaurant Services |

True and correct copies of The Boiling Crab's federal trademark registrations for these marks are attached hereto as Exhibit E.

16. The Boiling Crab's federal registration Nos. 3256219 and 4174077 for its THE BOILING CRAB® trademarks have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and constitute conclusive evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

17. The Boiling Crab's federal registration Nos. 4491054 and 5374534 for its THE BOILING CRAB® stylized (in red and blue) and THE BOILING CRAB® and design trademark (in red and black) constitutes prima facie evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

**DEFENDANTS' INFRINGEMENT OF THE BOILING CRAB'S THE BOILING CRAB® TRADEMARKS AND TRADE DRESS**

18. On information and belief, Defendants were formed for the purpose of operating a restaurant providing seafood using the identical concept pioneered and offered by The Boiling Crab's THE BOILING CRAB® restaurants.

19. In or about May 2017, long after The Boiling Crab first began using its THE BOILING CRAB® trademarks, Defendant Boiling Seafood Corporation opened and began operating a restaurant in Marysville, California that imitates in material respects the name, trade dress, and concept of The Boiling Crab's THE BOILING CRAB® restaurant chain. On

information and belief, in or about October 2018, Defendant JMG acquired an ownership interest in the Marysville restaurant, in whole and or in part, and began participating in and/or directing the management and operation of the restaurant under the same name, trade dress, and concept, either on its own and/or in participation and concert with Defendant Boiling Seafood Corporation.

20. In a clear effort to confuse consumers into thinking that Defendants are somehow associated or affiliated with The Boiling Crab's THE BOILING CRAB® chain of restaurants, Defendants closely imitated The Boiling Crab's THE BOILING CRAB® trademark by calling Defendants' restaurant "Boiling Seafood" and "Boiling Seafood Restaurant" even though Defendants do not have any affiliation with, or authorization from, The Boiling Crab.

21. Defendants also adopted and began using with their knock-off restaurant various "Boiling Seafood" logos that featured the words "Boiling Seafood" and "Restaurant" arranged above and below, respectively, a red crab design.

 

Illustrative photos depicting Defendants' use of the infringing "Boiling Seafood" marks and logos (collectively, the "Infringing Marks") are attached hereto as Exhibit F.

22. Defendants also adopted and began using with their knock-off restaurant a seafood concept and menu that imitated The Boiling Crab's distinctive concept and menu. True and correct copies of pictures of Defendants' menu showing the "Boiling Seafood" mark and logo and showing a "Seafood by Pound" concept, seasoning, and spice level description are attached hereto as Exhibit G.

23. As can be seen by comparing the interior of Defendants' "Boiling Seafood" restaurant, illustrated in the photos attached hereto as Exhibit H, with the interiors of genuine The Boiling Crab THE BOILING CRAB® restaurants, illustrated in the photos attached hereto as Exhibit B, Defendants' restaurant also imitates the unique trade dress of The Boiling Crab's

THE BOILING CRAB® restaurants. For example, the elements of the overall, non-functional configuration of The Boiling Crab's THE BOILING CRAB® restaurants that Defendants have copied, include, but are not limited to, the color of the walls, the use of wood planks on the walls, the hanging of fishing nets on the walls and ceilings, affixing sculptures of red-colored crustaceans and other sea-life on the walls and ceilings, the use of wood trellis and dock "post" framing, the use of tie and ship rope draping, the use of tie and ship rope wrapping, the configuration of the tables and chairs, and the overall look-and-feel of the restaurant (the "Infringing Trade Dress"). *Compare* Exhibit H *with* Exhibit B.

24.     Defendants also registered the domain name <boilingseafood530.com> (the "Infringing Domain Name") and are using the domain to host a website promoting the restaurant services offered by Defendants under the Infringing Marks. A true and correct copy of a screen capture of Defendants' website at www.boilingseafood530.com is attached hereto as Exhibit F.

25.     Defendants' use of the Infringing Marks and/or the Infringing Trade Dress for restaurant services is likely to cause confusion, mistake, and deception of consumers as to the source, quality, and nature of Defendants' services and goods, thereby proximately causing injury to The Boiling Crab and its trademark and trade dress rights.

**DEFENDANTS HAVE IGNORED THE BOILING CRAB'S DEMANDS THAT DEFENDANTS STOP INFRINGING THE BOILING CRAB'S *THE BOILING CRAB*® TRADEMARK AND TRADE DRESS**

26.     On June 9, 2019, counsel for The Boiling Crab sent a letter to Defendants' restaurant objecting to Defendants' unauthorized use of the Infringing Marks and the Infringing Trade Dress in connection with restaurant services. That letter demanded, among other things, that use of any trademark, domain name, or trade dress confusingly similar to The Boiling Crab's THE BOILING CRAB® marks, domain names, and trade dress immediately cease.

27.     Despite notice and knowledge of The Boiling Crab's demands that Defendants stop their blatant infringement of The Boiling Crab's THE BOILING CRAB® trademark and trade dress, Defendants have completely ignored The Boiling Crab's efforts to reach an informal resolution of this matter and continued, unabashedly, with their willful and intentional infringement of The Boiling Crab's THE BOILING CRAB® trademarks and trade dress.

28. Not surprisingly, Defendants' imitation of The Boiling Crab's THE BOILING CRAB® restaurants through unauthorized use of the Infringing Marks have caused actual confusion among consumers. In part because of the sub-par quality of Defendants' food and service, the confusion caused by Defendants' willful infringement of The Boiling Crab's THE BOILING CRAB® trademark has caused significant injury to the reputation of The Boiling Crab's THE BOILING CRAB® chain of restaurants, including by virtue of negative reviews written about Defendants' infringing restaurant, as illustrated by the below negative review of Defendants' "Boiling Seafood" restaurant posted to the Yelp! restaurant review website:



## FIRST CLAIM FOR RELIEF

**(Infringement of a Federally Registered Trademark)**

**15 U.S.C. § 1114(1)**

29. The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 28, as if set forth fully herein.

30. This claim is against Defendants for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. The Infringing Marks used by Defendants are reproductions, counterfeits, copies, or colorable imitations of The Boiling Crab's registered THE BOILING CRAB® marks.

32. Defendants have used and are using in interstate commerce the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of restaurant services in such a way as is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

33. The Boiling Crab never consented to or authorized Defendants' adoption or commercial use of the Infringing Marks for any purpose. Defendants therefore have infringed and/or are infringing The Boiling Crab's THE BOILING CRAB® trademarks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

34. Upon information and belief, at all times relevant to this action, including when Defendants first adopted the Infringing Marks and commenced commercial use of the same in connection with restaurant services, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of THE BOILING CRAB® trademarks in connection with restaurant services and related goods and services, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks. Accordingly, Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademark is willful and deliberate.

35. The Boiling Crab has no control over the quality of Defendants' infringing restaurant services and, because of the source confusion engendered by Defendants' willful trademark infringement, The Boiling Crab's valuable goodwill in and to its federally registered THE BOILING CRAB® trademark is being significantly harmed. Defendants' use of the Infringing Marks, in blatant imitation of The Boiling Crab's THE BOILING CRAB® trademarks, has caused confusion, mistake, and deception to purchasers as to the source and origin of Defendants' services and products sold under the Infringing Marks.

36. Defendants' activities are intended, and are likely, to lead the public to conclude, incorrectly, that Defendants' restaurant services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its THE BOILING CRAB® brand, to the damage and harm of The Boiling Crab and the consuming public. Defendants' activities constitute willful and deliberate infringement of The Boiling Crab's federally registered trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(1). Accordingly, The Boiling Crab is entitled to recover Defendants' profits, together with The Boiling Crab's damages, increased monetary recoveries as provided by the Lanham Act, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

37. Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's THE BOILING CRAB® trademarks are a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as dilute the substantial value of The Boiling Crab's THE BOILING CRAB® name and trademarks; and (iii) Defendants' wrongful conduct and the resulting damages to The Boiling Crab are continuing. Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear the Infringing Marks.

38. The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement of The Boiling Crab's federally registered THE BOILING CRAB® trademarks.

39. This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful trademark infringement,pursuant to 15 U.S.C. § 1117.

## **SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition)**

**15 U.S.C. § 1125(a)**

40. The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 39, as if set forth fully herein.

41. This claim is against Defendants for trademark and trade dress infringement and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. The Boiling Crab's THE BOILING CRAB® trademarks and trade dress are nonfunctional and inherently distinctive. They have acquired secondary meaning in the eyes of the public.

43. Defendants' use of the Infringing Marks and/or Infringing Trade Dress is so similar to The Boiling Crab's THE BOILING CRAB® marks and trade dress that Defendants are likely to cause confusion, mistake, and/or to deceive the consuming public as to the affiliation, connection, and/or association between The Boiling Crab's THE BOILING CRAB® restaurants and Defendants' restaurant. Defendants' unauthorized use of the Infringing Marks and/or Infringing Trade Dress infringes The Boiling Crab's THE BOILING CRAB® trademarks and/or trade dress, and constitutes unfair competition. Defendants' unauthorized use of the Infringing Marks and/or Infringing Trade Dress also constitutes a false designation of origin of products and services.

44. On information and belief, at all times relevant to this action, including at the time Defendants each first adopted and began using without authorization the Infringing Marks and Infringing Trade Dress, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of its THE BOILING CRAB® marks and trade dress, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks and trade dress. Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademarks and trade dress is therefore knowing, willful, and deliberate.

45. Defendants' activities are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendants' restaurant services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its chain of THE BOILING CRAB® restaurants, to the damage and harm of The Boiling Crab and the consuming public. Defendants' activities constitute willful and deliberate infringement of The Boiling Crab's THE BOILING CRAB® trademarks and trade dress in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a). Accordingly, The Boiling Crab is entitled to recover Defendants' profits together with The Boiling Crab's damages, an increased monetary recovery, as well as costs of

DAVIS WRIGHT TREMAINE LLP

the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

46. Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's rights in its THE BOILING CRAB® trademarks and trade dress are unique and valuable property rights which have no readily determinable market value; (ii) Defendants' infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as harm the substantial value of The Boiling Crab's THE BOILING CRAB® trademarks and trade dress; and (iii) Defendants' wrongful conduct and the resulting damages to The Boiling Crab are continuing. Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear the Infringing Marks and Infringing Trade Dress.

47. The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement and unfair competition.

48. This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful trademark infringement and unfair competition, pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Under State Law)

### Cal. Bus. & Prof. Code § 17200

49. The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 48, as if set forth fully herein.

50. Defendants' infringement of The Boiling Crab's trademarks and trade dress constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive,

untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

51. As a consequence of Defendants' actions, The Boiling Crab is entitled to injunctive relief and an order that Defendants disgorge all profits derived as a results of their unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, The Boiling Crab prays for entry of a judgment ordering and declaring:

1. That, preliminarily pending trial of this action and permanently thereafter, Defendants and their agents, servants, employees, successors, licensees and assignees, and all persons, firms, entities, partners, or corporations in active concert or participation with Defendants, are preliminarily and thereafter permanently enjoined from doing, threatening, or attempting to do or causing to be done, either directly or indirectly, by any means, method or device, any of the following acts:

(a) Directly or indirectly infringing, using, or displaying the trademark THE BOILING CRAB® or any mark similar thereto, including but not limited to the Infringing Marks, in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away any services or products which infringe, use, or display The Boiling Crab's THE BOILING CRAB® trademarks, or any marks similar thereto;

(b) Using any term that is likely to be confused with The Boiling Crab's THE BOILING CRAB® trademarks;

(c) Falsely representing, misleading, or deceiving consumers into believing that services or products advertised, promoted, produced, distributed, sold, or offered by sale by Defendants originate from The Boiling Crab or its THE BOILING CRAB® restaurants, or are sponsored, approved, licensed by, or associated with The Boiling Crab or its THE BOILING CRAB® restaurants, or that Defendants or their services or products are in some way associated or affiliated with The Boiling Crab or its THE BOILING CRAB® restaurants;

PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 2:19-cv-01787-JAM-CKD
4841-0594-0905v.3 0095014-000089

      (d)    Committing any other acts calculated to or that do unfairly compete with The Boiling Crab in any manner;

      (e)    Filing or prosecuting any trademark application for the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

      (f)    Filing or maintaining any business license, d/b/a, or similar document using the trademark THE BOILING CRAB® or any mark confusingly similar thereto; and

      (g)    Registering, using, or trafficking in any trade name or domain name containing or consisting of the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

2. That Defendants be required to account for all profits derived by them from their trade, infringing conduct, unfair practices and competition, and for an order of restitution of the entire amount of those profits, in amounts to be proven at trial, to The Boiling Crab;

3. That Defendants be required to turn over to be impounded during the pendency of this action all goods and other materials in their possession, custody, or control used or involved in the trademark infringement complained of herein, and to turn over for destruction all such goods and other materials, or in the alternative that all such items be subject to seizure;

4. That Defendants be ordered to pay all of The Boiling Crab's attorneys' fees, costs, and disbursements incurred in this suit, in bringing this action for the legal enforcement of its trademark rights, and in connection with all efforts to stop Defendants' trademark infringement and unfair competition;

5. That, in addition to being ordered to pay their profits attributable to the infringing conduct complained of herein to The Boiling Crab, Defendants also be ordered to pay their infringing profits as monetary damages and reasonable royalties, to be increased by the Court by such amount as the Court deems to be just, together with The Boiling Crab's damages, all of which, according to the circumstances of this case, should be increased and trebled as provided by law, including 15 U.S.C. § 1117, and paid to The Boiling Crab;

6. That Defendants be ordered to pay exemplary or punitive damages to the extent available under, and according to, law;

7. That Defendants have willfully and deliberately committed acts of trademark infringement and unfair competition against The Boiling Crab;

8. That Defendants be ordered to pay interest according to law;

9. That Defendants be ordered to pay the costs of corrective advertising; and

10. For all such other, further, and different relief that this Court deems just and proper.

## JURY DEMAND

The Boiling Crab hereby demands a trial by a jury of all issues so triable.

Date: October 16, 2019

By: */s/ Steven E. Klein*
Steven E. Klein

John D. Freed (CA State Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: jakefreed@dwt.com

Steven E. Klein (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
Email: stevenklein@dwt.com

*Attorneys for Plaintiff*
*BOILING CRAB FRANCHISE CO., LLC*