**WHITEWOOD LAW PLLC**
SHENGMAO MU (SBN 327076)
mousamuel@whitewoodlaw.com
57 West 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Tel: 917.858.8018
Fax: 917.591.0618

Attorney for Defendant
JIE M GUAN INC. D/B/A BOILING SEAFOOD RESTAURANT

# UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| BOILING CRAB FRANCHISE CO., LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JIE M GUAN INC. D/B/A BOILING SEAFOOD RESTAURANT; AND BOILING SEAFOOD CORPORATION D/B/A BOILING SEAFOOD RESTAURANT,<br><br>    Defendants. | Case No.: 2:19-cv-01787-JAM-CKD<br><br>**DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Jury trial requested** |

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 1

Except as expressly admitted or qualified below, Defendant JIE M GUAN INC. ("JMG"), denies each and every allegation of the Complaint.

## PARTIES

1. Answering paragraph 1, JMG admits that Boiling Crab Franchise Co., LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located in Garden Grove, California. JMG admits that Boiling Crab operates a chain of restaurants under the trademark THE BOILING CRAB ®. JMG admits that Boiling Crab offers restaurant services and related products and services under the trademark THE BOILING CRAB®. JMG lacks knowledge or information sufficient to form a belief as to the statement that Boiling Crab has used the trademark THE BOILING CRAB ® since as at least as early as 2003 and therefore denies it.

2. Answering paragraph 2, JMG admits the allegations.

3. Answering paragraph 3, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## JURISDICTION

4. Answering paragraph 4, JMG admits the allegations.

## VENUE

5. Answering paragraph 5, JMG admits that venue is proper. JMG denies any remaining allegations in paragraph 5.

## FACTS COMMON TO ALL CLAIMS

THE BOILING CRAB'S THE BOILING CRAB® CHAIN OF RESTAURANTS

6. Answering paragraph 6, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 2

7. Answering paragraph 7, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8. Answering paragraph 8, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

9. Answering paragraph 9, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10. Answering paragraph 10, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

11. Answering paragraph 11, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

12. Answering paragraph 12, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

13. Answering paragraph 13, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

14. Answering paragraph 14, JMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### THE BOILING CRAB'S FEDERAL REGISTRATION OF ITS THE BOILING CRAB® TRADEMARKS

15. Answering paragraph 15, JMG admits the allegations.

16. Answering paragraph 16, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

17. Answering paragraph 17, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

**DEFENDANTS' INFRINGEMENT OF THE BOILING CRAB'S
THE BOILING CRAB® TRADEMARKS AND TRADE DRESS**

18. Answering paragraph 18, JMG denies the allegations.

19. Answering paragraph 19, JMG admits that JMG acquired an ownership interest in the Marysville restaurant, in whole and or in part, and began participating in and/or directing the management and operation of the restaurant under the same name, trade dress, and concept. JMG lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

20. Answering paragraph 20, JMG denies the allegations.

21. Answering paragraph 21, JMG admits that JMG adopted the logos in Exhibit F. JMG denies the remaining allegations.

22. Answering paragraph 22, JMG admits that JMG adopted the menu in Exhibit G. JMG denies the remaining allegations.

23. Answering paragraph 23, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

24. Answering paragraph 24, JMG admits www.boilingseafood530.com is correctly shown in Exhibit F. JMG denies the remaining allegations.

25. Answering paragraph 25, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

**DEFENDANTS HAVE IGNORED THE BOILING CRAB'S DEMANDS
THAT DEFENDANTS STOP INFRINGING THE BOILING CRAB'S
THE BOILING CRAB® TRADEMARK AND TRADE DRESS**

26. Answering paragraph 26, JMG admits that it received a demanding letter from Plaintiff on or about June 9, 2019. JMG admits that that letter demanded, among other things, that use of any trademark, domain name, or trade dress confusingly similar to

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 4

The Boiling Crab's THE BOILING CRAB® marks, domain names, and trade dress immediately cease. JMG denies the remaining allegations.

27. Answering paragraph 27, JMG denies the allegations because on or around August 16th, 2019, JMG offered to add a disclaimer that "this restaurant is not in affiliation with the boiling crab" on JMG's storefront next to JMG's store name and on yelp or change/remove the crab logo while Plaintiff failed to respond.

28. Answering paragraph 28, JMG denies the allegations.

### FIRST CLAIM FOR RELIEF

**(Infringement of a Federally Registered Trademark)**

**15 U.S.C. § 1114(1)**

29. Answering paragraph 29, JMG realleges and incorporates herein the responses to the allegations in each and every paragraph above as though fully set forth herein.

30. Answering paragraph 30, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

31. Answering paragraph 31, JMG denies the allegations.

32. Answering paragraph 32, JMG denies the allegations.

33. Answering paragraph 33, JMG denies the allegations.

34. Answering paragraph 34, JMG admits that it knew of THE BOILING CRAB® trademarks in connection with restaurant services and related goods and services. JMG denies the remaining allegations.

35. Answering paragraph 35, JMG denies the allegations.

36. Answering paragraph 36, JMG denies the allegations.

37. Answering paragraph 37, JMG denies the allegations.

38. Answering paragraph 38, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

39. Answering paragraph 39, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition)**

**15 U.S.C. § 1125(a)**

40. Answering paragraph 40, JMG realleges and incorporates herein the responses to the allegations in each and every paragraph above as though fully set forth herein.

41. Answering paragraph 41, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

42. Answering paragraph 42, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

43. Answering paragraph 43, JMG denies the allegations.

44. Answering paragraph 44, JMG admits that it knew of THE BOILING CRAB® trademarks in connection with restaurant services and related goods and services. JMG denies the remaining allegations.

45. Answering paragraph 45, JMG denies the allegations.

46. Answering paragraph 46, JMG denies the allegations.

47. Answering paragraph 47, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 6

48. Answering paragraph 48, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition Under State Law)
### Cal. Bus. & Prof. Code § 17200

49. Answering paragraph 49, JMG realleges and incorporates herein the responses to the allegations in each and every paragraph above as though fully set forth herein.

50. Answering paragraph 50, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

51. Answering paragraph 51, the allegations state a legal conclusion that requires no response. To the extent a response is required, JMG denies the allegations.

### PRAYER FOR RELIEF

JMG denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" paragraphs immediately following paragraph 51 of the Complaint.

### DEMAND FOR JURY TRIAL

JMG admits that Plaintiff demands a trial by jury.

### AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the First Amended Complaint, JMG asserts the following affirmative defenses:

### First Affirmative Defense: Laches

1. As Plaintiff stated in the First Amended Complaint, Plaintiff knew of the existence of the Boiling Seafood Restaurant in or about May 2017 but waited until recently to file a suit against Defendant JMG.

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 7

2. Therefore, Plaintiff's First Amended Complaint is barred by the doctrine of laches.

### Second Affirmative Defense: Fair Use

3. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

4. JMG's use of the name "The Boiling Seafood Restaurant" constitutes fair use because it describes the food served by JMG's restaurant, which is seafood.

### Third Affirmative Defense: Unclean Hands

5. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

6. Upon belief and information, on or about September 27th, 2019, Plaintiff maliciously and willfully sent or authorized an unknown person to JMG's restaurant to collect alleged "franchise fee," who introduced himself as working for the "local court."

7. By maliciously and willfully sending or authorizing a person to impersonate a government official in order to extort money from JMG, Plaintiff is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense: Consent

8. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

9. Upon belief and information, on or about September 27th, 2019, Plaintiff sent or authorized an unknown person to JMG's restaurant to collect alleged "franchise fee," who introduced himself as working for the "local court."

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 8

10. Plaintiff's attempted collection of the "franchise fee" constitutes an implied consent for JMG to use the mark because the word "franchise", by definition from the *Oxford* dictionary, means that "an **authorization** granted by a government or company to an individual or group enabling them to carry out specified commercial activities."

### Fifth Affirmative Defense: Estoppel

11. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

12. Upon belief and information, on or about September 27th, 2019, Plaintiff sent or authorized an unknown person to JMG's restaurant to collect alleged "franchise fee," who introduced himself as working for the "local court."

13. By claiming for the "franchise fee," Plaintiff induced JMG to believe that the use of the mark was authorized.

14. Therefore, Plaintiff's complaint is estopped.

### Sixth Affirmative Defense: Genericness

15. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

16. Plaintiff's mark "the boiling crab" is invalid because it has become a generic term since many people use "the boiling crab" to refer to any restaurant that sells seafood.

### Seventh Affirmative Defense: Violation of Antitrust Laws

17. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

18. Upon belief and information, Plaintiff is using its mark to monopolize or restrain trade and bringing this suit in bad faith.

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 9

### Eighth Affirmative Defense: Unintentional Infringement

19. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

20. Even if there is any infringement, JMG's conduct was unintentional because JMG acquired the business from BOILING SEAFOOD CORPORATION and was simply a successor to the prior business.

### Ninth Affirmative Defense: No Confusion

21. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

22. Even if there is any similarity between the two marks, there is no actual confusion among consumers.

### Tenth Affirmative Defense: Failure to Mitigate

23. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

24. Even if there is any infringement, the damages should be reduced because Plaintiff failed to mitigate damages since on or around August 16th, 2019, JMG offered to add a disclaimer that "this restaurant is not in affiliation with the boiling crab" on JMG's storefront next to JMG's store name and on yelp or change/remove the crab logo while Plaintiff failed to respond.

### Eleventh Affirmative Defense: Improper Service of Process

25. JMG incorporates by reference the foregoing allegations of Affirmative Defenses.

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 10

26. On or about November 10th, 2019, Plaintiff's process server appeared at the location of the restaurant, 1665 N. Beale Rd., Marysville, CA, and left the Service of Process on the cashier's desk in the restaurant, without Mr. Guan's presence.

27. In the Proof of Service, Plaintiff's process server alleged that the summons were mailed to 1665 N. Beale Rd., Marysville, CA 95901, the physical location of the restaurant, and to 10336 Christo Way, Elk Grove, CA 95757, where Mr. Guan resides. However, neither mailed summons gave proper notice to Mr. Guan because Mr. Guan received many junk mails and was not aware of this summon until around November 25th, 2019.

28. Plaintiff's attempted service of process is improper because it is neither served to JIE M GUAN personally nor served through the Secretary of State's office.

### Reservation of Rights

29. JMG incorporates by reference all foregoing allegations of its Affirmative Defenses.

30. JMG presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. JMG expressly reserves the right to allege and assert any additional and/or further defenses as may be appropriate as this action proceeds.

WHEREFORE, JMG respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against JMG with prejudice on the merits;

b. Award JMG all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant JMG any such further relief to which it may be entitled

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 11

|   |   |
|---|---|
| | Respectfully submitted, |
| December 16th, 2019. | By: /s/Shengmao Mu <br> SHENGMAO MU <br> Attorney for Defendant <br> JIE M GUAN INC. D/B/A BOILING SEAFOOD RESTAURANT |

**WHITEWOOD LAW PLLC**
SHENGMAO MU (SBN 327076)
mousamuel@whitewoodlaw.com
57 West 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Tel: 917.858.8018
Fax: 917.591.0618

DEFENDANT JIE M GUAN INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 12